UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Petitioner,                        Civil Action No. 1:04-MC-41

v                                       Hon. Gordon J. Quist

ROY MICHAEL GIBBS,

       Respondent.
_____/

**REPORT AND RECOMMENDATION**

       Pending before the court is a petition by the United States to judicially enforce an Internal Revenue Service summons issued on June 4, 2003 to respondent Roy Michael Gibbs by David King, a duly commissioned Revenue Officer of the Internal Revenue Service. The summons directed respondent to appear before Officer King to testify and produce for examination certain books and records identified in the summons. 26 U.S.C. §§ 7402(b); 7604(a). Respondent failed to comply with the summons.

       On May 14, 2004, this court entered an order requiring respondent to appear before the undersigned and show cause why he should not be compelled to obey the IRS summons. The order to show cause further required respondent, within five days of receipt of service, to file and serve a written response to the petition. In response to the petition, respondent on June 12, 2004 filed a motion to dismiss the petition and to quash the summons.

       Respondent failed to appear as directed at the hearing on the order to show cause.

On the basis of the petition, the Declaration and testimony of Revenue Officer King, and the affidavit of IRS Associate Area Counsel for Michigan Robert D. Heitmeyer, I find that the investigation of the respondent referred to in the petition is being conducted pursuant to a legitimate purpose, that the information which petitioner seeks by use of the summons served is not already within the possession of the Internal Revenue Service, that no recommendation for prosecution of the taxpayer has been made by the Internal Revenue Service to the U.S. Department of Justice, that no justice department referral as described in 26 U.S.C. § 7602(c) is in effect with respect to the taxable years in question, that the testimony and information sought by the summons is necessary and relevant to permit the Internal Revenue Service to properly investigate the federal tax liability of the respondent for the years in question, and that all administrative steps required by the Internal Revenue Code for issuance of a summons to obtain such information have been taken. *United States v Powell,* 379 U.S. 48, 57-58 (1964). Finally, after considering the materials presented to the court and listening to the testimony of the revenue officer, a 22-year veteran with the Internal Revenue Service, I find petitioner is proceeding in good faith. *Id.; United States v Will,* 671 F.2d 963 (6th Cir. 1982).

Once the government has established a prima facie case of "good faith" in issuing the summons, as they have here, a heavy burden shifts to the respondent to prove that enforcement of the summons would be an abuse of the court's process. *United States v Will, supra; United States v LaSalle National Bank,* 437 U.S. 298, 316 (1978).

I have reviewed respondent's motion(s) to dismiss the petition and quash the summons but consider it abandoned in light of the respondent's failure to comply with the order of the court to appear for the show cause hearing. In respondent's absence, the Revenue Officer was

the only witness to testify and he adduced the only evidence presented. *See, United States v Will,* 527 F.Supp. 361, 365 (S.D. Ohio 1980), *affirmed United States v Will,* 671 F.2d 963 (6th Cir. 1982). I find that the evidence presented at the summons enforcement hearing fails to substantiate any of respondent's allegations. Moreover, I find nothing in the tax protestor-type rhetoric contained in the motion(s) sufficient to contravene the findings above.

Accordingly, I respectfully recommend that an order be entered denying the motion(s) to dismiss the petition and quash the summons filed by respondent, and that respondent be ordered to comply with the terms of the summons heretofore served upon him and made a part of these proceedings, and that said order specifically state a time, date and place for such compliance. Further, in light of respondent's failure to appear as required by this court's order, I recommend costs be assessed.

Dated:  September 30, 2004              /s/ Hugh W. Brenneman, Jr.
                                        Hugh W. Brenneman, Jr.
                                        United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).